D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 14 2011 ★
BROOKLYN OFFICE

-----------------------------------------------------------X

ALAA AL-SADAWI,

          Petitioner,

-against-

UNITED STATES OF AMERICA,

          Respondent.

-----------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-549 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Alaa Al-Sadawi ("Al-Sadawi") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his 2003 conviction and sentence on charges of aiding and abetting the transportation and concealment of more than $10,000 outside of the United States without filing an accurate outbound currency report. (Pet. (Docket Entry #1) at 1.) Al-Sadawi asserts three claims in his Petition: (1) that he was denied his constitutional right to the effective assistance of trial counsel; (2) that he was denied his constitutional right to the effective assistance of appellate counsel; and (3) that government misrepresentations at his bail hearings resulted in his detention prior to trial and in the imposition of an enhanced sentence. (Id. at 4.) For the reasons set forth below, Al-Sadawi's claims of ineffective assistance of trial counsel and improper detention prior to trial do not warrant habeas relief. His claims regarding ineffective assistance of appellate counsel and the imposition of an enhanced sentence will be dismissed as moot if he fails to respond to this Order within thirty (30) days.

**I.  BACKGROUND**

After a jury trial, Al-Sadawi was convicted on December 12, 2003 of failing to file a monetary transaction report, and conspiracy to fail to file such a report, in violation of 31 U.S.C. §§ 5316(a)(1)(A) and (b) and 18 U.S.C. § 371, and bulk cash smuggling, in violation of 31

1

U.S.C. § 5332(a). (Judgment, United States v. Al-Sadawi, No. 02-CR-901 (NGG) (E.D.N.Y. Dec. 12, 2003) ("Al-Sadawi I").) Al-Sadawi was sentenced to sixty-three months incarceration and three years supervised release. (Id.)

In 2005, Al-Sadawi appealed his conviction to the United States Court of Appeals for the Second Circuit. See United States v. Al-Sadawi, 432 F.3d 419 (2d. Cir. 2005). In December 2005, the Second Circuit affirmed Al-Sadawi's conviction but remanded to this court to consider whether to resentence him pursuant to the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d. Cir. 2005). Id. at 421. In January 2006, this court issued a scheduling order for the submission of briefs on the issue of a possible resentencing. (Order, Al-Sadawi I (Jan. 27, 2006).) According to Al-Sadawi, due to his incarceration, he did not learn of this order on his own, and neither his trial nor appellate counsel informed him of it. (Pet'r Aff. (Docket Entry # 16) at 4.) Al-Sadawi's trial counsel has submitted an affidavit stating that he never received any notice of the scheduling order. (Resp't Letter (Docket Entry # 4) Ex. B. at 2.) Similarly, Al-Sadawi's appellate counsel submitted an affidavit stating that the district court never appointed him to represent Al-Sadawi for any purpose, including the remand, that he never entered an appearance in the district court in Al-Sadawi's case, and that he was unaware of the court's scheduling order at the time. (Resp't Letter Ex. A. at 2.) As a result, no brief was ever submitted on behalf of Al-Sadawi in response to the court's January 2006 order. (Pet'r Mem. (Docket Entry # 15) at 7.)

Al-Sadawi was released from prison in February 2007, having served thirteen months since the court's scheduling order. (Id.; Resp. Letter at 1.) Because he was sentenced to three years supervised release, it follows that his supervised release has ended and that, starting no later than February 2010, he was no longer in federal custody. See Scanio v. United States, 37

F.3d 858, 860 (2d Cir. 1994) (finding that a petitioner may be considered "in custody" for habeas corpus purposes while he or she is still under supervised release, but is no longer "in custody" once the term of supervised release expires).

In February 2008, while still on supervised release, Al-Sadawi filed the instant petition challenging his 2003 conviction and sentence on several grounds. First, he claims that his trial counsel was ineffective for failing to challenge the use of crucial evidence against him that was obtained via wiretaps authorized pursuant to the Foreign Intelligence Surveillance Act ("FISA"). (Pet. at 4; Pet'r Mem. at 8-14.) Second, he contends that his appellate counsel was ineffective for (1) failing to raise the issue of ineffective assistance of trial counsel on direct appeal, and (2) failing to follow up after the Second Circuit remanded Al-Sadawi's case for a possible resentencing. (Pet. at 4; Pet'r Mem. at 15-16.) Finally, Al-Sadawi claims that the government made misrepresentations at his bail hearings, which misrepresentations the bail hearing judge relied upon in deciding to detain Al-Sadawi prior to trial, and which this court relied upon in enhancing Al-Sadawi's sentence. (Pet. at 4; Pet'r Mem. at 17-19.)

## II. STANDARD OF REVIEW

A prisoner in federal custody may move the federal district court that sentenced him to "vacate, set aside or correct" his conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for United States District Courts, Rule 4(b). In § 2255 proceedings, a petitioner bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

## III. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." To show actual prejudice under Strickland's second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Because the petitioner bears the burden of proof on both prongs of the test, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Al-Sadawi's claim that his trial counsel was ineffective for failing to challenge the FISA evidence is meritless because he has made no showing of prejudice. Al-Sadawi bears the burden of demonstrating that there was a reasonable probability that, but for his trial counsel's failure to object to the introduction of the FISA evidence, the result of his trial would have been different. Although Al-Sadawi argues that his trial counsel "failed to move to suppress evidence that contributed substantially to the ensuing convictions" (Pet'r Mem. at 13), he has failed to show how or why any challenge to the FISA evidence might have been successful. Al-Sadawi does not even specify any basis upon which such a challenge might have been made. It is therefore impossible for the court to determine that Al-Sadawi's trial might have turned out differently had

4

trial counsel challenged the wiretap evidence. Because Al-Sadawi has made no showing of prejudice, he is not entitled to habeas relief on the ground of ineffective assistance of trial counsel.

Al-Sadawi's claim that his appellate counsel was ineffective for failing to raise, on direct appeal, a claim of ineffective assistance of trial counsel is meritless for the same reason. Although the Strickland test was formulated in the context of an ineffective assistance of trial counsel claim, the same test is used with respect to claims of ineffective appellate counsel. See Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Al-Sadawi, however, is unable to show that appellate counsel's failure to raise the claim in question "fell outside the wide range of professionally competent assistance," see id., because he has failed to demonstrate that any such claim might have succeeded. Accordingly, he is not entitled to habeas relief on this ground.

### B. Detention Prior to Trial

Al-Sadawi claims that the bail hearing judge relied on government misrepresentations at the bail hearings in deciding to detain Al-Sadawi prior to his trial. (Pet'r Mem. at 19.) Even if these allegations are true, they would not entitle Al-Sadawi to habeas relief from this court, which, on the instant petition, has the authority only to "vacate, set aside or correct" a conviction or sentence previously "imposed in violation of the Constitution or laws of the United States." See 28 U.S.C. § 2255(a).

### C. Claims Regarding Sentencing

Al-Sadawi's remaining claims challenge his sentence, not his conviction. Because Al-Sadawi is no longer in federal custody, these claims are presumptively moot.

Al-Sadawi claims that his appellate counsel was ineffective for failing to file any submission urging this court to resentence Al-Sadawi after the Second Circuit remanded his case for possible resentencing in accordance with United States v. Crosby, 397 F.3d 103 (2d. Cir. 2005). (Pet. at 4; Pet'r Mem. at 15.) Al-Sadawi does not challenge his underlying conviction with this claim. Rather, he argues that he might have been entitled to a shorter sentence should the court have decided to resentence him. The appropriate remedy, were Al-Sadawi to prevail on this claim, would be for the court to consider resentencing him in light of Crosby.

Al-Sadawi also contends that the government's misrepresentations at his bail hearings caused the court to enhance his sentence. (Pet. at 4; Pet'r Mem. at 19.) Once again, Al-Sadawi does not challenge his underlying conviction with this claim, but only his sentence. The appropriate remedy would similarly be a potential sentencing reduction. See United States v. Thomas, 274 F.3d 655, 672 (2d Cir. 2001).

Al-Sadawi was released from prison in February 2007 and was sentenced to three years supervised release. It follows that his term of supervised release ended in February 2010 and that he is no longer in federal custody. See Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).

Article III, Section 2 of the United States Constitution limits the judicial power to "cases" or "controversies." "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing Spencer

6

v. Kemna, 523 U.S. 1, 7 (1998)). A petition for habeas relief does not automatically become moot once the convict is released from prison. Instead, "the case will remain a live case or controversy if there exists 'some concrete and continuing injury' or 'collateral consequence' resulting from the conviction." Id. (citing Spencer, 523 U.S. at 7). Where a habeas petitioner challenges the conviction itself, "the Supreme Court has been willing to presume the existence of collateral consequences sufficient to satisfy the case or controversy requirement." Id. (internal quotation marks and citation omitted). This presumption of collateral consequences has been justified on the theory that most criminal convictions do entail adverse collateral legal consequences, including civil disabilities such as being barred from holding certain offices, voting in state elections, and serving on a jury. Id. However, where a habeas petitioner only challenges a sentencing enhancement, and not the underlying conviction itself, the court does not presume the existence of collateral consequences because comparable civil disabilities generally do not arise from the length of a sentence. See id. at 293-94; see also Garcia v. Schultz, No. 05-CV-2428 (BSJ) (MHD), 2009 U.S. Dist. LEXIS 126453, at *12-13 (S.D.N.Y. Jan. 13, 2010) (finding that a petitioner challenging only his sentence, who has already been discharged from parole, has "no injury that this court could remedy at this point, and any possible future adverse consequences that might flow from an arguably overlong completed prison term necessarily would be purely speculative if not nonexistent"). Accordingly, a petitioner's challenge solely to the length of his completed sentence will only satisfy the constitutional case or controversy requirement if the petitioner can actually show "some concrete and identifiable collateral effect of that sentence." United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005); see also Mercurris, 192 F.3d at 294.

7

Al-Sadawi has made no such showing, and thus his sentence-related claims are presumptively moot. However, when Al-Sadawi filed his memorandum of law in support of his petition in May 2009, he was not required to demonstrate such collateral consequences because he was still in federal custody on supervised release. Therefore, the court grants Al-Sadawi thirty days from the date of this Order to file a submission with this court demonstrating that the length of his already-served sentence – as opposed to the fact of his conviction – continues to work some "concrete and continuing injury." If Al-Sadawi fails to make such a submission, these claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Al-Sadawi's claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel for not raising an ineffective assistance of trial counsel claim, and improper detention prior to trial do not warrant habeas relief. Al-Sadawi's remaining claims, were they to be granted, would affect only his sentence. Because Al-Sadawi is no longer in custody, they are presumptively moot. These remaining claims will therefore be dismissed unless Al-Sadawi, within thirty (30) days of this Order, demonstrates a concrete and identifiable injury he continues to suffer as a result of the length of his already-served sentence.

SO ORDERED.

Dated: Brooklyn, New York
     March _11_, 2011

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge